# Lhota *v.* Oppenheimer & Company, Appellants.

*Negligence—Survival of action—Death of plaintiff before trial —Act of April 15, 1851, Sec. 18, P. L. 669, Constitution of Pennsylvania, Article 3, Sec. 21.*

1. Where the plaintiff in an action for personal injuries dies before trial, his personal representatives may be substituted as party plaintiff and may prosecute the action for the benefit of the decedent's estate.

2. Section 18 of the Act of April 15, 1851, P. L. 669, relating to the survival of actions for injuries resulting from negligence is not modified or annulled by Section 21 of Article 3, of the Constitution of Pennsylvania, providing that in such cases "the right of action shall survive and the general assembly shall prescribe for whose benefit such actions shall be prosecuted."

Argued Oct. 12, 1914. Appeal, No. 16, Oct. T., 1914, by defendants, from judgment of C. P. Allegheny Co., April T., 1912, No. 58, on verdict of plaintiff in case of Albert Lhota, Executor of Andy Lhota, deceased, v. M. Oppenheimer, O. W. Oppenheimer and A. M. Oppenheimer, Co-partners, trading and doing business under the name of M. Oppenheimer & Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,750 and judgment thereon. Defendants appealed.

*Error assigned,* among others, was in refusing to direct a verdict for defendants.

*W. S. Dalzell,* for appellant.

*John M. Henry,* with him *N. R. Daugherty,* for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, January 2, 1915:

Andrew Lhota, while in the employ of the defendants, was injured by the falling of an elevator and six months after the accident, and two weeks before his death, he brought this action which was continued by his executor, who was substituted on the record as plaintiff. The defendants admitted that the accident was caused by negligence for which they were liable and the question of fact at the trial was whether the injury sustained by the deceased was the proximate cause of his death. This was decided by the jury in favor of the plaintiff, and the only question now to be considered is raised by an exception taken to the refusal of the court to direct a verdict for the defendants.

The argument of the learned counsel for the defendants is in support of the proposition that where the plaintiff in an action for personal injuries dies before trial, the right to recover is fixed by Article 3, Section 21 of the Constitution of 1874, and is vested in the parties prescribed by the Act of 1855, that the action brought by the deceased dies with him and there can be no recovery by his personal representatives for the consequences of the injury, and recovery for death will be

by a new action by the persons authorized by the Act of 1855 and limited to their loss. It is conceded that this view of the law is not in harmony with our decisions and we are asked to reconsider them and to say that Section 18 of the Act of April 15, 1851, P. L. 669, is not in force. We have not been convinced that this should be done.

Section 18 of the Act of 1851 provides that a common law action shall not abate by the death of the plaintiff, but may be continued by the substitution of his personal representatives. The 19th section created a new right unknown to the common law and limited to cases where death has resulted from violence or negligence and no suit has been brought by the injured party in his lifetime. The Act of April 26, 1855, P. L. 309, designates the persons who may exercise the right first conferred by Section 19 of the Act of 1851, which right exists only in the event that an action has not been brought by the person injured. If the action brought by the deceased is continued, it is for the benefit of his estate and the measure of damages is the loss sustained by him. If an action is brought after death as provided by the Act of 1855, the measure of damages is the pecuniary loss sustained by reason of the death by the parties entitled to sue: McCafferty v. Railroad, 193 Pa. 339. Section 18 of the Act of 1851 was not modified or repealed, expressly or by implication by the Act of 1855: Birch v. Railway Co., 165 Pa. 339; Taylor's Est., 179 Pa. 254; Maher v. Traction Co., 181 Pa. 391. These acts were followed by the constitutional provision which secured the right conferred by the Act of 1851, and did not in any way modify or annul the act.

The judgment is affirmed.