Pezzulli, Admr., Appellant, *v.* D'Ambrosia.

644

Argued March 26, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Alvah M. Shumaker,* for appellant.

*W. D. Cobau,* of *Cobau & Berry,* for appellee.

OPINION BY MR. JUSTICE STERN, May 13, 1942:

This appeal calls for a study of the Act of July 2, 1937, P. L. 2755, and the proper measure of damages in suits thereunder for injuries which are caused by negli-

gence and result in death. That act provides that "Executors or administrators shall have power . . . to commence and prosecute . . . all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and for libels; . . ." It is the first time it has been before an appellate court for interpretation, but it does not embody any real innovation in the law. There are similar statutes in at least one-half of the states, and as early as 1917 an identical provision was contained in section 35(b*) of the Fiduciaries Act, P. L. 447, which section, however, was declared unconstitutional in *Strain, Administrator, v. Kern,* 277 Pa. 209, 120 A. 818, because of a defect in the title of the act.

Charles Pezzulli, a lad twelve years of age, was struck and fatally injured by a truck operated by defendant's employe. He was knocked unconscious and died about ten minutes later while being rushed to a doctor. Two actions in trespass were brought by the boy's father as administrator, one under the "death" Acts of April 15, 1851, P. L. 669, section 19, and April 26, 1855, P. L. 309,[1] and the other under the "survival" Act of July 2, 1937, P. L. 2755; the former was to recover damages for funeral expenses and for the loss to the boy's parents of his services until he would have reached the age of twenty-one, the latter was an action on behalf of the boy himself for damages for pain and suffering (in this case negligible) and for loss of earnings after he would have attained his majority. The two cases were consolidated and tried together. There was introduced the usual evidence in regard to the health and education of the boy and the other children in the family, the earnings of the father and of an older brother, the age of the parents, and various features of the family background. The jury found a verdict of $377.50 in the parents' case; this has been

---

[1] Pa. R. C. P. No. 2202 provides that the person to bring such an action is the personal representative of the decedent for the benefit of the persons entitled.

paid and is not in issue. They also returned a verdict in Charles' own case of $3,750, as to which defendant asked for a new trial. The learned trial judge had charged the jury that in the suit under the 1937 act the measure of recovery was the present worth of Charles' loss of earnings during his life expectancy, after deducting the cost of maintaining himself. The court in banc held that this instruction was erroneous and that the proper measure of damages was "the present worth of his probable future *accumulations* during his life expectancy"; solely because of this supposed error the court granted defendant's motion for a new trial. Plaintiff appeals on the ground that the instructions to the jury were incorrect only in that they were too favorable to defendant, and he asks that the verdict be sustained.

Under the present statutory law of Pennsylvania, if a suit for personal injuries is brought during his life by the person injured no other action of any kind is maintainable even though he subsequently dies of his injuries (Act of April 15, 1851, P. L. 669, section 19). His death, however, does not abate the action brought by him; his personal representative may be substituted as plaintiff and the suit prosecuted to final judgment and satisfaction (Act of April 15, 1851, P. L. 669, section 18, repealed but re-enacted by Act of June 7, 1917, P. L. 447, section 35(a)). Where the suit instituted by the injured person is continued after his death by his executor or administrator, the same damages are recoverable as those to which the deceased would have been entitled had he survived until verdict and judgment: *Pennsylvania R. R. Co. v. McCloskey's Administrator,* 23 Pa. 526, 530; *Maher v. Philadelphia Traction Co.,* 181 Pa. 391, 397, 398, 37 A. 571, 572; *McCafferty v. Pennsylvania R. R. Co.,* 193 Pa. 339, 345, 346, 44 A. 435, 436; *Edwards v. Gimbel,* 202 Pa. 30, 39, 51 A. 357, 359; *Lhota v. Oppenheimer & Co.,* 247 Pa. 280, 282, 93 A. 476; *Kaczorowski v. Kalkosinski,* 321 Pa. 438, 441, 184 A. 663, 664; *McCullough v. Philadelphia, Newtown & New York R. R. Co.,* 81 Pa. Superior Ct. 318, 323. The elements of permissible re-

covery in such a case are well established—pain and suffering until the time of death, and the economic value of the life as measured by the present worth of likely earnings during the period of life expectancy,[2] the diminution in earning power being total because of the death: *Maher v. Philadelphia Traction Co.*, 181 Pa. 391, 398, 37 A. 571, 572; *McCafferty v. Pennsylvania R. R. Co.*, 193 Pa. 339, 346, 44 A. 435, 436; *Kaczorowski v. Kalkosinski*, 321 Pa. 438, 441, 184 A. 663, 664.

Under the present statutory law of Pennsylvania, if a suit for personal injuries is *not* brought during his life by the person injured two actions may be brought after his death (as they were in the present instance) for the recovery of damages—one under the acts of 1851 (section 19) and 1855, the other under the act of 1937. Such actions are entirely dissimilar in nature. The one represents a cause of action unknown to the common law and is for the benefit of certain enumerated relatives of the person killed by another's negligence; the damages recoverable are measured by the pecuniary loss occasioned to *them* through deprivation of the part of the earnings of the deceased which they would have received from him had he lived.[3] The other is not a new cause of action at all, but merely continues in his personal representatives the right of action which accrued to the deceased at common law because of the tort; the damages recoverable are measured by the pecuniary loss occasioned to *him,* and therefore to *his estate,* by the negligent act which caused his death. These actions are cumulative and not alternative; indeed the legislature amended the death

---

[2] If death occurs *from an independent cause* before the trial, and the suit is carried on by the personal representative, the question as to life expectancy disappears; the actual death displaces speculation as to the likely duration of the injured person's life: *Littman v. Bell Telephone Co. of Pennsylvania*, 315 Pa. 370, 378, 172 A. 687, 690.

[3] By the Act of May 13, 1927, P. L. 992, there is also recoverable in such an action expenses for medical and surgical care, nursing, and funeral expenses if paid or incurred by the plaintiff.

act of 1855 by the Act of April 1, 1937, P. L. 196,[4] at the same session at which it passed the survival statute. There is nothing novel or unusual in the law giving a right of redress to two or more persons for the infliction of a single personal injury; illustrations are causes of action accruing to the husband as well as to the wife for injuries sustained by the latter, and to the parents as well as to the child who is injured by negligence. It is, however, important that the two actions, the one under the death acts and the other under the survival statute, should not overlap or result in a duplication of damages and thereby compel the tortfeasor to pay more than the maximum damage caused by his negligent act.

What, then, is the proper measure of damages in a suit under the act of 1937? During the interval, however short, which elapses between the occurrence of the accident and the death of the injured person—in the present case ten minutes—there accrues to him a cause of action, because of the injury inflicted upon him, which entitles him to recover, if he has time in which to bring the suit, the present worth of his loss of earning capacity during his life expectancy. It is this cause of action which passes by the act of 1937 to his personal representative. Why, therefore, should there be any different measure of damages if, because of the severity of his injury and the consequent onrush of death, a writ is issued, let us say, a moment after, instead of a moment before, his death occurs? Why should the amount of damages which would have been recoverable by him be reduced by the death occasioned by his injuries, so that his cause of action, when assigned by act of law to his executor or administrator, is for a smaller recovery than it was when the right vested in him during his life? By providing that executors or administrators may commence and

---

[4] By this act it was provided that, if the deceased is not survived by any members of his family entitled to bring suit, his personal representative may recover for hospital, nursing, medical and funeral expenses, and expenses of administration.

prosecute all personal actions which the decedent might have commenced and prosecuted the act of 1937 clearly indicates that the actions thus commenced by executors or administrators are the *same* actions which their decedent might have commenced and prosecuted, and being the same actions they must, in the absence of legislative mandate to the contrary, be governed by the same measure of damages.

We conclude, therefore, that the measure of recovery under the act of 1937 is identical with that where, under section 18 of the act of 1851, as re-enacted by section 35(a) of the Act of 1917, the executor or administrator continues an action brought by the injured person in his lifetime. This measure is more favorable to plaintiff than that accorded to him under the charge of the trial judge, which called for the deduction, from the amount otherwise recoverable, of the expenses of the decedent for maintenance during his lifetime. Such a deduction is not applicable where one sues to recover damages for injuries to himself, but only where he sues to recover for loss of the earnings of an injured person whom he is obliged to support—for example, a parent suing to recover damages for the death of his minor child. However, plaintiff did not object to the court's instructions to the jury in this regard; in fact, he agreed at the trial to such a deduction being made, and it is therefore not an issue in the present case. As to the ultimate viewpoint of the court in banc that the amount recoverable should have been limited to the probable *accumulations* by the deceased during his life expectancy—that is to say, to the present worth of what he would probably have left at the end of his life to his creditors, legatees and heirs —this would introduce into the law of damages elements never heretofore recognized in Pennsylvania and would set up a standard impossible of practical ascertainment and having no logical relevancy to the nature of the action provided for in the 1937 act.

As already pointed out, there is an important limitation on the right to bring actions under both the death

acts and the survival statute, namely, that it must not work a duplication of damages. In the present case there is no such duplication, because the recovery by the parents under the death acts ($377.50) was only for funeral expenses and, theoretically,[5] for the net loss of Charles' earnings *until* he would have arrived at the age of twenty-one, whereas the recovery by the boy's own estate under the survival statute ($3,750) was for pain and suffering and for the present worth of his loss of earnings during his life expectancy *after* he would have arrived at the age of twenty-one years. There are conceivable, however, cases which would involve a duplication; for example, if the person killed by negligence be a married man, his wife and children would be entitled to recover the present worth of the likely support he would have furnished them during his life expectancy; any such recovery, therefore, would have to be deducted from that to which the executor or administrator of his estate would otherwise be entitled under the act of 1937; the logic in supporting such a deduction is that if the deceased had lived he would have been obliged to make such provision for his wife and children. In order to prevent any duplication, whenever two actions are brought by the personal representative of the deceased, one under the death acts and the other under the survival statute, they must be consolidated and tried together (as was done in the present case). An appropriate rule of civil procedure to that end will be duly promulgated.

The order granting defendant a new trial is reversed, and the record is remitted with directions to enter judgment on the verdict.

---

[5] $377.50, according to the testimony, was the amount of the funeral expenses. The jury evidently made no allowance to the parents for the boy's probable earnings up to the age of twenty-one less the cost of his maintenance.