## HOPKINS v. PENNSYLVANIA POWER & LIGHT CO.

### Civ. A. 14469.

United States District Court
E. D. Pennsylvania.
May 12, 1953.

Leon H. Kline, Philadelphia, Pa., with Theodore H. Gardner, Martin H. Philip, Philadelphia, Pa., for plaintiff.

T. R. White, Jr., White, Williams & Scott, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This is an action instituted by plaintiff, a citizen of Maryland, duly appointed Administratrix of minor decedent's estate, to recover damages under the Survival Act of 1937, 20 P.S.Pa. c. 3 Appendix, §§ 771, 772. The minor decedent, Charles A. Lichtenwalner, was electrocuted on August 28, 1951, when he came in contact with high tension electric wires maintained by the defendant. More than six months after the minor's death, suit was instituted under the Wrongful Death Act of 1855, 12 P.S.Pa. §§ 1602, 1603, in the Court of Common Pleas of Lehigh County by the minor's father as Trustee ad litem on behalf of himself and minor decedent's mother.

Defendant has moved to dismiss this action or, in the alternative, to transfer it to the Court of Common Pleas of Lehigh County on the ground that Pa.R.C.P. 213 (e), 12 P.S.Appendix, requires that survival actions and actions for wrongful death must be consolidated for trial.

The action under the Wrongful Death Statute of 1855 and the action under the Survival Act of 1937 are separate and distinct actions whose remedies are cumulative and not alternative, it being, however, "important that the two actions, the one under the death acts and the other under the survival statute, should not overlap or result in a duplication of damages and thereby compel the tort-feasor to pay more than the maximum damage caused by his negligent act." Pezzulli v. D'Ambrosia, 344 Pa. 643, 648, 26 A.2d 659, 661. That is as far as the substantive law of Pennsylvania goes. In order to carry out the purpose to prevent duplication, the Supreme Court of Pennsylvania in that case ruled that, as a matter of procedure, such actions must be consolidated and tried together and stated, 344 Pa. at page 650, 26 A.2d at page 662, that "An appropriate rule of civil procedure to that end will be duly promulgated". Thereafter Pennsylvania Rule of Civil Procedure 213(e) was duly promulgated and is binding upon the Courts of Pennsylvania. That rule of procedure, however, cannot be used to oust this Court of its proper jurisdiction which is based on diversity of citizenship and the requisite jurisdictional amount. With regard to the matter of diversity of citizenship, defend-

138

ant complains that plaintiff, a citizen of Maryland, was appointed administratrix for the obvious purpose of permitting suit in federal court. That same argument was raised and decided adversely to defendant in Jaffe v. Philadelphia & Western R. Co., 3 Cir., 180 F.2d 1010.

With regard to defendant's fear of duplication of damages, that is a matter which can be handled at time of trial under proper instructions. In the instant case, the danger is more apparent than real inasmuch as the action involves a minor decedent. Pezzulli v. D'Ambrosia, supra.

The defendant's motion to dismiss or, in the alternative, to transfer must be denied.