## Lichtenwalner, etc., v. Pennsylvania Power & Light Company et al.

*T. R. Gardner* and *M. H. Philip*, for plaintiff.
*Butz, Hudders, Tallman & Rupp*, for defendants.

HENNINGER, P. J., August 24, 1953.—Charles A. Lichtenwalner, a single man, 17 years old, the son of plaintiff and his wife, Mamie R. Lichtenwalner, was on August 28, 1951, electrocuted and instantly killed by coming into contact with defendant's electric wire while he was employed as an apprentice bricklayer by additional defendant.

No action having been brought within six months after the death, plaintiff, on behalf of himself and wife, on August 4, 1952, brought this survivors' action for his son's wrongful death against original defendant.

Despite the fact that the parents above-named, who are the sole heirs of Charles A. Lichtenwalner, are resi-

dents of the city of Allentown, Lehigh County, Pa., and that the cause of action arose here, a resident of the State of New Jersey, one Anna Hopkins, whose relationship with decedent is not shown, was appointed administratrix of his estate. On the basis of diversity of citizenship between herself and defendant, the administratrix brought the survival action for decedent's injuries in the United States District Court for the Eastern District of Pennsylvania.

Defendant, having failed in an effort to move the district court to dismiss the survival action or to transfer it to this court (Hopkins v. P. P. & L. Co., 112 F. Supp. 136, now invokes Pennsylvania Rule of Civil Procedure 213 (e) to stay proceedings on the survivors' action for wrongful death until the two actions are consolidated.

Pennsylvania Rule of Civil Procedure 213 (e) reads as follows:

"A cause of action for the wrongful death of a decedent and a cause of action for his injuries which survives his death may be enforced in one action, but if independent actions are commenced they shall be consolidated for trial.

"(1) If independent actions are commenced or are pending in the same court, the court, on its own motion or the motion of any party, shall order the actions consolidated for trial.

"(2) If independent actions are commenced in different courts, the court in which the second action was commenced, on its own motion or the motion of any party, shall order the action transferred to the court in which the first action was commenced.

"(3) If an action is commenced to enforce one cause of action, the court, on its own motion or the motion of any party, may stay the action until an action is commenced to enforce the other cause of action and is consolidated therewith or until the commencement of

such second action is barred by the applicable statute of limitation."

It has been held that the action for wrongful death and the action for personal injuries resulting in death and surviving to the personal representatives of decedent are separate and cumulative actions. Stegner, Administrator, v. Fenton, 351 Pa. 292, 294; Piacquadio, Trustee, v. Beaver Valley Service Co. et al., 355 Pa. 183, 185. It has been held (Suders v. Campbell et al., 73 F. Supp. 112, 117), and Anderson (Pennsylvania Civil Practice, vol. 4, pp. 245, 265), and Goodrich-Amram (Standard Pa. Practice, secs. 2201-02) maintain that Pennsylvania Rules of Civil Procedure 2201-25 relating to actions for wrongful death do not apply to the survival action on behalf of a decedent's estate.

A dictum in Murray, admr., v. Philadelphia Transportation Company, 359 Pa. 69, 71, states that Pa. R. C. P. 2202 requires that both classes of claims shall be included in one action. That would make applicable to the second action Pa. R. C. P. 2202(c) which reads:

"While an action is pending (for wrongful death) it shall operate as a bar against the bringing of any other action for such wrongful death."

Since we are dealing with the one who first brought suit and since we have no power over either plaintiff who brought the second suit or the court in which it was brought, we cannot bar the second action. We can only warn the parties that if in a case in which the point is directly involved, the Supreme Court should hold to the dictum, the parties may be proceeding at their peril in either action.

It is futile to inveigh against the practice of creating a technical diversity of citizenship as a tactical device to avoid a supposedly less generous forum for one supposedly more generous. The practice is permissible (Jaffe v. Philadelphia & Western R. Co., 180 F. 2d 1010, 1012; Hopkins v. P. P. & L., supra) and,

therefore, we are bound to accept what we have no power to change.

It is interesting to note that the practice was sanctioned by the Supreme Court of the United States in a case in which the deliberate choice of administrator was arranged by a plaintiff to avoid Federal jurisdiction and not to achieve it, but that fact has no great significance for our purposes: Mecom, administrator, v. Fitzsimmons Drilling Co., Inc., 284 U. S. 183.

When we scrutinize Pa. R. C. P. 213(e) we find that the bringing of the survivors' and the survival suits in one action is permissible but not mandatory. While the closing words in the first paragraph of the rule 'they shall be consolidated for trial' appear to be mandatory, they must be read in the light of the court's power or lack of power, since the rule permits separate and independent actions and since our courts have no authority over the Federal courts.

Subsection (e) (1) provides for mandatory consolidation of two suits brought in the same court and subsection (e) (2) for mandatory transfer of the suit last brought to the forum in which a prior suit had already been instituted.

Subsection (e) (2) of Pa. R. C. P. 213 is an exercise of the authority of the Supreme Court of Pennsylvania over its subordinate courts to transfer a case to a sister court. That subsection, however, is inoperative when, as in the present case, the second case has been brought in a court which is independent of the authority of the Supreme Court of Pennsylvania, and which refuses to make the transfer.

When we come to consider subsection (e) (3) of rule 213 we note that its provisions are not mandatory, but merely permissive. When we study the history of the rule, we understand why this is so.

The modern policy of judicial administration is to consolidate all actions arising out of the same factual

situation, in the interests of economy of time and expense, to avoid contradictory results in separate trials and to avoid a duplication of damages. Rule 213 is designed to empower courts to compel such consolidation and subsection (e) (3) permits the imposition of sanctions to compel litigants to comply.

Our lack of power to compel Anna Hopkins to transfer her action in this case to this court and our lack of authority over the district court would not prevent us from staying the suit in our courts until the Hopkins case was transferred. Such a stay would be in effect a permanent one if the parties—and they are the same ones beneficially in both cases—persisted in their refusal to transfer. This would leave the parties to their own devices to escape from the resulting impasse.

That remedy is drastic but where necessary and proper we would not hesitate to apply it. We reëxamine subsection (e) (3) to determine whether ours is a proper case for its application.

There is no doubt that subsection (e) was added to Pa. R. C. P. 213 in compliance with the direction of Justice Stern, now Chief Justice Stern, in Pezzulli, admr., v. D'Ambrosia, 344 Pa. 643, page 650, as follows:

"In order to prevent any duplication, whenever two actions are brought by the personal representative of the deceased, one under the death acts and the other under the survival statute, they must be consolidated and tried together (as was done in the present case). An appropriate rule of civil procedure to that end will be duly promulgated."

The D'Ambrosia case is significant of course for its recognition of the principle that a cause of action for personal injuries survives the person injured, can be instituted by his personal representatives and is a separate cause of action from the action for wrongful

death accruing to survivors and cumulative to said action.

While the D'Ambrosia case involved a minor decedent, the court recognized that its decision was far-reaching and that when applied to a decedent who had been sui juris, the estate and the survivors would both be claiming damages out of the same wage dollar. This calculation is further complicated by the rule in Murray, admr., v. Philadelphia Transportation Company, supra, p. 73, that only the net wage dollar is to be divided between the estate and the survivors and that present worth is then to be applied. The court rightly felt that, unless the survivors' damages and the estate's damages, both coming out of the same wage dollar, were fixed by the same jury, there was grave danger of a duplication of damages.

While consolidation of causes is the general aim of Pa. R. C. P. 213, it is duplication of damages that is the particular evil sought to be cured by subsection (e) and especially by clause (3) of that subsection.

We should not, therefore, invoke the drastic provisions of clause (3) simply to compel consolidation of causes, but only if necessary to avoid the danger of duplication of damages.

As pointed out by Justice Stern in the very D'Ambrosia case (p. 650), which gave rise to the rule, there is no such danger of duplication of damages in the case of a minor decedent—except in the special instance referred to in Gaydos v. Domabyl, 301 Pa. 523, 533—because the survivors are interested only in the wage dollars earned during minority and, by the same token, the estate is entitled only to a share in the wage dollars that could have been earned after majority.

We conclude then that the evil sought to be corrected by Pa. R. C. P. 213(e) is that of duplication of damages and that since there is no such danger in this case, the sanctions of clause (3) of subsection (e)

ought not be invoked, for the mere purpose of compelling consolidation of causes, however desirable such consolidation may be.

Now, August 24, 1953, the rule to show cause why the above-captioned action should not be stayed is ordered discharged and the case may proceed upon præcipe of either party.