Marjorie ARNY, Plaintiff,

v.

PHILADELPHIA TRANSPORTATION
COMPANY,
Defendant.

Civ. A. No. 24389.

United States District Court
E. D. Pennsylvania.

July 31, 1958.

Beechwood, Lovitt & Murphy, Philadelphia, Pa., for plaintiff.

H. Francis De Lone, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Defendant has filed a motion to stay this suit until the conclusion of two suits instituted in a Pennsylvania court.

James T. Haviland died on April 28, 1957, as a result of a collision in Philadelphia on April 9, 1957, with one of defendant's buses. His only surviving close relatives were two daughters, Marjorie Arny and Nancy McGowan. Marjorie Arny, plaintiff herein, is a citizen and resident of New Jersey. The other daughter, Nancy McGowan, is a citizen of Pennsylvania, as is Girard Trust Corn Exchange Bank, executor of James T. Haviland's estate. Defendant, Philadelphia Transportation Company, is also a citizen of Pennsylvania.

The case before me is a death action [1] arising out of the 1957 accident, filed in this court on March 31, 1958, by Marjorie Arny as trustee ad litem for herself and Nancy McGowan.[2] On April 3, 1958, Marjorie Arny and Nancy Mc-

---

1. Under the Acts of April 15, 1851, P.L. 669, Sec. 19, 12 P.S. § 1601, and April 26, 1855, P.L. 309, Sec. 1, 12 P.S. § 1602.

2. Jurisdiction is based upon diversity of citizenship. The suit has been brought under Rule 2202(b) of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appen-

dix, which provides: " * * * The [death] action may be brought * * * by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages."

Gowan filed in the Court of Common Pleas of Philadelphia County a death action identical with the suit in this court except for the addition of Nancy Mc-Gowan as a named party plaintiff. On the same day, April 3, 1958, Girard Trust Corn Exchange Bank, as executor of the decedent's estate, filed a survival action [3] arising out of the same accident in the Court of Common Pleas of Philadelphia County. No survival action has been filed in this court.

Normally the commencement of identical actions in both federal and state courts would not be a proper ground for staying the action in the federal court. Normally plaintiff would be entitled to have her case tried in this court whenever, within the orderly processes of the court, it is reached for trial, regardless of the pendency of an identical action in a state court. The present situation, however, is not normal. The action in the state court has a companion: a survival action arising out of the same death. Defendant has moved to stay the suit in this court in an effort to enforce a policy of the Pennsylvania state courts to prevent separate trials of death and survival actions. Since there is no diversity of citizenship between the parties to the survival action, it could not properly be filed in this court.

This Pennsylvania policy is set forth in Rule 213(e) of the Pennsylvania Rules of Civil Procedure as follows:

"A cause of action for the wrongful death of a decedent and a cause of action for his injuries which survives his death may be enforced in one action but if independent actions are commenced they shall be consolidated for trial.

"(1) If independent actions are commenced or are pending in the same court, the court, on its own motion or the motion of any party, shall order the actions consolidated for trial.

"(2) If independent actions are commenced in different courts, the court in which the second action was commenced, on its own motion or the motion of any party, shall order the action transferred to the court in which the first action was commenced.

"(3) If an action is commenced to enforce one cause of action, the court, on its own motion or the motion of any party, may stay the action until an action is commenced to enforce the other cause of action and is consolidated therewith or until the commencement of such second action is barred by the applicable statute of limitation."

The consolidation of suits for trial avoids duplication of effort and conserves time—wise objects under almost any circumstances—but death and survival actions are required to be consolidated in Pennsylvania courts for a further and more compelling reason, stated in Pezzuli v. D'Ambrosia, 1942, 344 Pa. 643, at page 649, 26 A.2d 659, at page 662, as follows:

"As already pointed out, there is an important limitation on the right to bring actions under both the death acts and the survival statute, namely, that it must not work a duplication of damages. * * * There are conceivable * * * cases which would involve a duplication; for example, if the person killed by negligence be a married man, his * * * children would be entitled to recover the present worth of the likely support he would have furnished them during his life expectancy; any such recovery, therefore, would have to be deducted from that to which the executor or administrator of his estate would otherwise be entitled under the act of 1937 [the survival action statute, 20 P.S. c. 3 Appendix, § 771 et seq.]; the logic in supporting such a deduction is that if the deceased had lived he would have [made] such provision for his * * * children. In order to prevent any duplication,

3. Under Sec. 601 of the Fiduciaries Act of 1949, 20 P.S. § 320.601.

whenever two actions are brought * * .*. one under the death acts and the other under the survival statute, they must be consolidated and tried together * * *". 

In Murray v. Philadelphia Transportation Co., 1948, 359 Pa. 69, 71, 58 A.2d 323, 324, the Pennsylvania Supreme Court said:

> "The purpose of this legislation [wrongful death and survival statutes] is to provide compensation, not punishment; there is no ground for holding that the legislature intended a duplication of damages. In order to avoid such duplication of damages, Pa.R.C.P. No. 2202, 12 P. S.Appendix provides that both classes of claims shall be included in one action."

It is a little difficult to understand why there would be a duplication of damages in death and survival actions tried separately if they are tried properly and the juries are instructed thoroughly and correctly.[4] It is perfectly clear, however, that the only cause of action pursued in the present suit is one created by state law. Consequently this federal court should impose upon this state-created cause of action the same limitation which the state courts impose. Since it arises largely from the Pennsylvania Rules of Civil Procedure this limitation may seem to be a mere matter of state procedure having no weight in a federal court. A defendant's right to protection against duplicating awards of damages, however, is a substantive right, and under the circumstances the Pennsylvania limitation will be imposed in the present case so far as such imposition is practical. Since both death and survival actions have been filed in Pennsylvania courts, the actions there will perforce be consolidated for trial under the Pennsylvania Rule, and the Pennsylvania policy of consolidation can be effectuated by staying the trial in this court.

Staying the trial in this court will not do plaintiff any substantial harm. It is obvious that all the rights of the interested parties arising out of Mr. Haviland's accident and death are comprehended in the rights sought to be enforced in the actions filed in the Pennsylvania courts. Although the suit in this court was filed three days prior to the filing of the state court actions, it is unlikely (because of the condition of trial lists in the respective courts) that it would be reached for trial before or much before them. All plaintiff will lose by a stay of the trial in this court is an asserted right to have the death action tried separately from the survival action in the event the federal action should be reached for trial before the state actions. In view of the clear Pennsylvania policy requiring consolidation, in my opinion, she had no such right even in a federal court which, of course, is not bound by state rules of procedure.

Plaintiff contends that this case is controlled by the decision of Judge Clary of this court in the case of Hopkins v. Pennsylvania Power & Light Co., 1953, 112 F.Supp. 136. In the Hopkins case a death action was brought in a Pennsylvania state court while a survival action arising out of the same death was brought in this court. No other action was brought in any court. Judge Clary refused a motion to dismiss or in the alternative to transfer the case from this court to the state court where the death action had been started. No motion to stay was presented to him, but if it had been presented it obviously would have

4. Suits arising out of tortiously caused deaths often create in the courtroom an emotional atmosphere. This probably arouses jurors' sympathy for the bereaved which may find expression in a verdict higher than might be awarded otherwise. If death and survival actions should be tried separately, sympathy might be more of a factor since it might increase the verdicts in both cases. While so far as I am aware no Pennsylvania court has avowed this as a reason for requiring that death and survival actions be consolidated, it may well have been an underlying one.

been refused because a stay would not have consolidated the cases for trial since no one court had both actions and a stay would only have delayed the trial in this court. The Hopkins case is easily distinguishable from the present case.

The trial in the present case will be stayed until a reasonable time has elapsed for the conclusion of the death and survival actions filed in the Court of Common Pleas of Philadelphia County.

Defendant has also filed a motion to dismiss. It will be refused.