## Juliani v. State Farm Mutual Automobile Insurance Co.

*Clark A. Mitchell*, for petitioner.
*Floyd A. King*, for respondent.

TOOTHMAN, *P.J.*, July 24, 1981—On October 25, 1979, as Administratrix of his estate, the widow of Richard B. Juliani filed a claim in this court for work-loss benefits, attorney's fees interest and costs, against State Farm Insurance Company, asking that the statutory amount of $15,000 be awarded under Section 202 of the act. Defendant insurance carrier denied its liability for payment of this sum, contending initially it was not liable for this particular coverage, it having paid the sum of $5,000 as survivors loss benefits as well as the medical and funeral expenses. The matter was held in obeyance, awaiting an authoritative interpretation of the No-fault act in this regard following a decision on the subject on April 12, 1979, by the Pennsylvania Superior Court in Heffner v. Allstate Insurance Company, 265 Pa. Super. 181, 401 A. 2d 1160 (1979), which held that work-loss benefits were payable, but which, at the time of the presentation of the issue to this court was pending review in the Pennsylvania Supreme Court. The Supreme Court, in a lengthy and carefully considered opinion entered September 22, 1980, affirmed the decision of the Superior Court, the citation being Heffner v. Allstate Insurance Company 491 Pa. 447, 421 A. 2d 629 (1980). In the Supreme Court's opinion, sustaining the Superior Court, the

court clearly held that work-loss benefits as spelled out in Section 202(b) of the act, a total of $15,000 is due and payable to the survivors of decedent accident victim.

However, as the briefs of counsel in this case, as well as the arguments presented before the court, the case cited supra does not resolve two other issues which defendant's counsel still persist. The first is whether the sum of $5,000 already paid as a survivors loss to decedent's family should be deducted from the $15,000 work-loss benefit, and the second is whether the effect of the Heffner decision is retroactively applied, this causing interest to be paid on the claim.

We move directly into a consideration of the first issue. In answer to this, as we read the Heffner opinions from both courts, we are bound to determine whether there can, in fact, be a recovery of work-loss benefits on top of survivor loss benefits in the full amount of each from a reading and application of the legal interpretations enunciated in the decision of the Supreme Court. In its opinion, running as a thread of truth throughout the reasoning expressed was the concern that to allow the survivor loss recovery of $5,000 in addition to the work-loss payment of $15,000 would amount to a double payment under the act and would therefor make the allowance of both objectionable. However, in contrast to counsel's argument in behalf of defendant insurance carrier in this case, we do not interpret the court in that decision as denying or prohibiting the possibility and reality of both losses being recoverable to the maximum benefit allowable, i.e. $20,000, stating as follows, and this after quoting the specific example offered by D. Shrager in his treatise on the No-fault act in Pennsylvania, in which in the example employed assumes that a

decedent had an earning loss of $100,000, over his life expectancy, with the combined recovery of $20,000 being allowed under the two methods of recovery provided in the act, stating:

"However, we believe in practice, recovery of survivor's loss and work-loss benefits by survivors of deceased victims, will no more constitute double recovery under the Act than does recovery under analogous wrongful and survival actions in tort law. See Pezzulli v. D'Ambrosia, 344 Pa. 643, 26 A. 2d 659; First National Bank of Meadville, Pennsylvania v. Niagara Therapy Manufacturing Corporation, 229 F. Supp. 460; and Hochrein v. United States, 238 F. Supp. 317. As we view the Act, the decedent's contribution of income under survivor's loss recovery shall be excluded from the amount recovered under work loss. In this manner, both basic loss benefits will compliment, rather than duplicate each. It must be kept in mind that the Act sets monetary limits of $15,000 for recovery of work-loss benefits. If actual losses do not reach or exceed these limits, the full amounts of these basic loss benefits need not be paid. The position taken by the Superior Court in Heffner is the most cogent approach to the No-fault Act."

Reading this in the most careful, scrutinizing light, we interpret the meaning that where, as here, the earnings of the deceased were substantial and there is no question of a limited life expectancy, that the full statutory amounts due under the Act are payable in both instances. However, where under the formula as outlined in the act would reduce either or both amounts, in a given case, the actual amount of the payment would therefor be reduced.

As to the next question, whether the money is due

retroactively and with interest, we note that the no-fault act became effective July 19, 1975, and the accident causing Richard B. Juliani's death occurred on August 10, 1977, at which time the State Farm Mutual's policy covering this insured was in effect. It is the position of defendant that there is no liability on the company's part to pay interest and attorney's fees. Section 106(a)(1) states:

"No fault benefits are payable as loss occurs. Loss occurs not when injury occurs, but as allowable expense work loss, replacement services loss, or survivor's loss is sustained."

And in paragraph (a)(2), at the end thereof, it provides:

" . . . overdue payments bear interest at the rate of eighteen (18%) per annum."

Reading this section of the no-fault act it is clear to us that as to the survivor's loss, it became due on the date of the accident, which was also the date of death, as we understand. Under factual circumstances, and this is when, petitioner's counsel contends that the interest starts running. Defendant appears to hold to the theory that the interest starts running on the date of the Supreme Court's decision, i.e. September 22, 1980, and that, it is argued, because the opinion must only be given prospective effect, citing Schreiber v. Republic Inermodel Corporation, 473 Pa. 614, Chevron Oil Co. v. Huson, 404 U.S. 97, 925. Ct. 349, 30 L. Ed. 296, and also Mayle v. Pennsylvania Department of Highways, 479 Pa. 348, (abrogating the doctrine of sovereignty).

We cannot agree with the necessity for the consideration of the doctrine of retrospective or prospective application being applied to this situation. The Supreme Court's pronouncement, on Sep-

tember, 1980, of the allowability of both a work loss and also a survivor's loss did not change the effective date of the act, but was only clarifying and specifying its interpretative meaning in regard to the issues before it. Thus, the decision does not, in our opinion, stay or change the time of petitioner's entitlement to the survivor's loss, which was August 10, 1977, and the payment therefor even as of now is due as of the time a valid loss claim was filed and the interest at 18 percent must be computed, on a simple interest basis from that time. And also attorney's fees as spelled out in the act are due as well. That defendant company had both the right and the need to seek legal clarification of the legislative intent and meaning on the matter goes without question, and had it prevailed the survivor's loss would have been voided in such a case. But, it must be remembered that since it did not prevail, and since the money became due the petitioner as of the time of the loss accruing, it must also accept now the consequences of the adverse ruling, not as a penalty but as a matter of strict legal course.

## ORDER

And now, March 13, 1981, the rule is made absolute, and the prayer of the petition is granted, and judgment entered against defendant in the amount f $15,000, with interest at 18 percent from August 10, 1977, together with counsel fees of $750.

## OPINION

Defendant filed exceptions to the order of this court awarding plaintiff work-loss benefits of $15,000 under the provisions of No-fault Insurance Act, and attorney's fees of $750 and the payment directed to be paid at 18 percent interest from its

due date, August 10, 1977. We find reason to modify our order only slightly, that being to direct that the interest commence 30 days after August 10, 1977. We find reason to modify our order only slightly, that beng to direct that the interest commence 30 days after August 10, 1977. We do this by reason of Hayes v. Erie Insurance Exchange, _____ Pa. Super. _____ 422 A. 2d 419 (1980), which applied the interest protection to the insured's benefit, and because the payment of the principal sum under the act is not overdue until the lapse of 30 days.

We are satisfied that with this modification the exceptions have no further merit.

## ORDER

And now, June 5, 1981, the exceptions are dismissed, subject to a modification of our earlier award that interest at 18 percent be due and payable after September 10, 1977.

## ORDER

And now, July, 24, 1981, the court hereby approves the proposed settlement of the no-fault claim for work-loss benefits asserted by petitioner in the above captioned case, which proposed settlement is in the amount of $20,850.

Under the terms of this settlement, defendant, when it has paid the aforesaid $20,850, is discharged and released from any and all claims for work-loss benefits that might or could arise from the death of Richard B. Juliani as a result of an accident that occurred on August 10, 1977 in Perry Township, Fayette County, Pa., and any and all claims for damages in connection with the processing or payment of same.