## Riley v. Rodgers

*Michael B. Magee,* for plaintiff.
*J. Randall Miller,* for defendant James F. Rodgers.

386

CARPENTER, *J.*, June 5, 1991—Before the court are the preliminary objections filed by defendant, James F. Rodgers, consisting of a motion for more specific pleading and a demur to plaintiff's complaint. We will address these objections seriatim.

With respect to the motion for more specific pleading, defendant requests this court to order plaintiff to file 'an amended complaint that more specifically avers the following matters: (1) the source, nature and amount of plaintiff's decedent's earnings; (2) plaintiff's decedent's age at time of death and actuarial life expectancy; (3) the natural and probable amount of expenditures that the plaintiff's decedent would have made for his own benefit, maintenance or enjoyment; (4) the amount or proportion of lost earnings that the plaintiff's decedent would have expended for the benefit, maintenance or enjoyment of his heirs had he survived to his full life expectancy; and (5) the amount of the expenditures and the value of the services that would have been incurred for or rendered for the benefit of plaintiff's decedent by the children if he had survived to his full life expectancy. According to defendant's argument, plaintiff's cause of action is authorized by the wrongful death and survival statutes, 42 Pa.C.S. §§8301 and 8302, and, since the measure of damages in such actions contemplates the information requested, plaintiff should be compelled to aver these matters in the complaint. In support of this position, defendant cites as authority *Hafer v. Schauer,* 9 Lebanon Leg. J. 349 (1963), and *Flintosh v. Elko,* 48 D.&C. 72 (1944).

With regard to the degree of specificity required of a complaint stating a cause of action under the wrongful death and survival action statutes, plaintiff must comply with the pleading requirements set forth in Pa.R.C.P. 2204, which provides as follows:

"In addition to all other facts required to be pleaded, the initial pleading of the plaintiff in an action for wrongful death shall state the plaintiff's relationship to the decedent, his right to bring the action, the names and last known residence addresses of all persons entitled by law to recover damages, their relationship to the decedent and that the action was brought in their behalf."

It is apparent from the complaint plaintiff has fully complied with this procedural rule. However, defendant's objection persuades us to adopt a level of specificity going beyond the parameters of this rule. Specifically, defendant argues that certain items relevant to the measure of damages in wrongful death and survival actions be pled with particularity, since these particular facts are essential to the determination of the rights of the plaintiff in an action such as this. *Hafer v. Schauer,* 9 Lebanon Leg. J. 349, 356 (1963). Our research reveals that there is no appellate decision addressing this matter, and there is a split among the trial courts which remains unresolved since 1963.*

In at least one of the cases favoring particularity, the court was concerned with forcing the parties to the expense of depositions in all cases. *Hafer v. Schauer,* 9 Lebanon Leg. J. at 351. However, we

---

.* The cases that required the plaintiff to plead with particularity such information as the nature and place of decedent's employment, the decedent's age at time of death, the decedent's earnings, and the proportion of these earnings which decedent contributed to the support of his spouse: *Hafer v. Schauer, supra; Fraley v. Pennsylvania Gas & Water Co.,* 54 Luzerne Leg. Reg. 181 (1963); *Meehan v. Sunday,* 8 Cumberland L.J. 116 (1958); *Pichcuskie v. Antonio,* 27 Northumb. Leg. J. 108 (1955). The cases which do not require the plaintiff to specifically plead these matters include: *Rountree v. Craney,* 51 Schuylkill Leg. Rec. 86 (1955); *Adams v. MacDonald,* 31 Delaware L.J. 263 (1941).

find that the more reasonable approach would not hold the plaintiff to allege these matters in a complaint while allowing the parties to obtain this information at a later time as part of discovery as authorized by Pa.R.C.P. 4001 et. seq. As the court stated in the *Adams* case:

"[T]his being a death action, the measure of damages is the pecuniary loss to [the decedent's] family, in the proof of which his earnings are but one of several important factors which must be considered. It is, therefore, unnecessary for the plaintiff to allege the actual salary of the decedent." *Adams v. MacDonald,* 31 Delaware Leg. J. at 265.

Another court found that plaintiff need not set forth these facts in the complaint, since they constitute elements of damage which are "entirely dependent upon the evidence produced at the trial and upon rules of law formulated for determining the present worth and actions of wrongful death." *Rountree v. Craney,* 51 Schuylkill Leg. Rec. at 88. Lastly, we note parenthetically that two of the four forms for the drafting of a complaint in a wrongful death action advocated in Goodrich-Amram omits such specific averments relevant to the measure of damages in a wrongful death action. 7 Goodrich-Amram 2d §§2204:2 and 2204:3. For these reasons, we deny defendant's motion for more specific pleading.

Turning now to defendant's preliminary objection in the nature of a demurrer, defendant argues that count III of plaintiff's complaint fails to state a claim upon which relief may be granted because it requests punitive damages. To be sure, punitive damages are not allowed in a wrongful death action. *Harvey v. Hassinger,* 315 Pa. Super. 97, 461 A.2d 814 (1983). However, defendant fails to recognize that decedent's estate may recover punitive dam-

ages in a survival action where the decedent could have recovered them had he lived. *Harvey v. Hassinger, supra.* As the court pointed out in *McClinton v. White,* 285 Pa. Super. 271, 277, 427 A.2d 218, 221 (1981), *vacated on other grounds,* 497 Pa. 610, 444 A.2d 85 (1982):

"A survival action, unlike a wrongful death action, is not a new cause of action, but, 'merely continues in his personal representative the right of action which accrued to the deceased at common law. . ..' *Pezzulli v. D'Ambrosia,* 344 Pa. 643, 26 A.2d 659 (1941). In a survival action, the cause of action arises out of the injury, not out of the death. The estate is substituted for the decedent, and its recovery is based upon the rights of action which were possessed by the decedent at his death."

We find that plaintiff has averred sufficient facts to state a claim for punitive damages. After all, a court may award punitive damages where the conduct was malicious, wanton, reckless, willful, or oppressive. *Rizzo v. Haines,* 520 Pa. 484, 555 A.2d 58 (1989); *Chambers v. Montgomery,* 411 Pa. 339, 192 A.2d 355 (1963). The proper focus is on "the act itself together with all the circumstances including the motive of the wrongdoer and the relations between the parties. . .." *Chambers v. Montgomery, supra.* In addition, punitive damages may be awarded for conduct that is outrageous due to defendant's evil motive or reckless indifference to the rights of others. *Hoffman v. Memorial Osteopathic Hospital,* 342 Pa. Super. 375, 492 A.2d 1382 (1985); Restatement (Second) of Torts §908(2) and comment B (1977). See *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984). In the case of bar, plaintiff alleges that defendant entered the home of plaintiff's decedent on June 8, 1988 and inflicted fatal injuries on decedent by intentionally stabbing him with a

knife approximately 70 times, causing the decedent to experience great pain and suffering prior to his death. We strongly feel that such an allegation of homicide states more than ample facts to raise a claim for punitive damages. Consequently, we deny defendant's preliminary objection in the nature of a demurrer.

## ORDER

And now, June 5, 1991, upon consideration of the preliminary objections filed by defendant James F. Rodgers, the briefs filed by counsel and oral argument thereon, it is hereby ordered, directed and decreed that defendant's preliminary objections in the nature of a motion for more specific pleading and a demurrer are denied. Defendant Rodgers' answer to be filed within 60 days.