**[J-43-2016] [M.O. - Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| DANIEL E. TAYLOR AND WILLIAM TAYLOR, AS CO-EXECUTORS OF THE ESTATE OF ANNA MARIE TAYLOR, DECEASED <br><br><br> v. <br><br> EXTENDICARE HEALTH FACILITIES, INC. D/B/A HAVENCREST NURSING CENTER; EXTENDICARE HOLDINGS, INC.; EXTENDICARE HEALTH FACILITY HOLDINGS, INC.; EXTENDICARE HEALTH SERVICES, INC.; EXTENDICARE REIT; EXTENDICARE, L.P.; EXTENDICARE, INC.; MON VALE NON ACUTE CARE SERVICE, INC. D/B/A THE RESIDENCE AT HILLTOP; MON-VALE HEALTH RESOURCES, INC; JEFFERSON HEALTH SERVICES, D/B/A JEFFERSON REGIONAL MEDICAL CENTER <br><br><br><br> APPEAL OF: EXTENDICARE HEALTH FACILITIES, INC., D/B/A HAVENCREST NURSING CENTER, EXTENDICARE HOLDINGS, INC., EXTENDICARE HEALTH FACILITY HOLDINGS, INC., EXTENDICARE HEALTH SERVICES, INC., EXTENDICARE REIT, EXTENDICARE, L.P. AND EXTENDICARE, INC. | No. 19 WAP 2015 <br><br> Appeal from the Order of the Superior Court entered April 2, 2015 at No. 2028 WDA 2013, affirming the Order of the Court of Common Pleas of Washington County entered November 20, 2013 at No. 2012-6878. <br><br> ARGUED:  April 5, 2016 |

**DISSENTING OPINION**

JUSTICE DONOHUE                                    DECIDED: SEPTEMBER 28, 2016

I respectfully dissent from the Majority's conclusion that the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, mandates the severance of the wrongful death action in this case from the survival action so as to allow the latter to proceed to arbitration. For the reasons that follow, I conclude that it is incorrect to focus the analysis on the dispensability of Pennsylvania Rule of Civil Procedure 213(e) under the pressure of the herculean FAA. Instead, the pinpoint question is whether the FAA can divest wrongful death heirs of their statutorily created right to bring a wrongful death action in this Commonwealth. Because 42 Pa.C.S.A. § 8301 (the "Wrongful Death Act") preconditions the maintenance of heirs' claims on their joinder with any claim pursuant to 42 Pa.C.S.A. § 8302 (the "Survival Act"), severance defeats the heirs' right to recover under the statutorily created cause of action. Although the Majority may be correct in its apocalyptic recitation of existing United States Supreme Court precedent, the FAA does not and cannot deprive a citizen of this Commonwealth of the right to pursue a cause of action.

If no recovery for personal injuries is obtained by an injured person during her life, Pennsylvania law allows for the bringing of two distinct actions after her death. The Pennsylvania legislature created the first of these actions by enacting what is now 42 Pa.C.S.A. § 8301, authorizing certain enumerated relatives of a person killed by another's negligence to sue for damages. Tulewicz v. Se. Pa. Transp. Auth., 606 A.2d 427, 431 (Pa. 1992) (explaining that a wrongful death action was unknown at common

law); *see* 42 Pa.C.S.A. § 8301.[1]  The second of these actions "merely continues in the [decedent's] personal representative the right of action which accrued to the deceased at common law because of the tort."  Tulewicz, 606 A.2d at 431; *see* 42 Pa.C.S.A. § 8302.  In the case of the Wrongful Death Act, the current statute requires, in pertinent part, that the action be brought (1) "under procedures prescribed by general rules" and (2) only so long as "any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery."  *See* 42 Pa.C.S.A. § 8301.

Wrongful Death Act damages are measured by "the pecuniary loss [the statutory relatives] have sustained as a result of the death of the decedent" and include "the present value of the services the deceased would have rendered to the family, had she lived, as well as funeral and medical expenses."  Kiser v. Schulte, 648 A.2d 1, 4 (Pa. 1994).  Survival Act damages are measured by the pecuniary loss sustained by the decedent, and therefore by her estate, as a result of the negligent act that caused her death.  Id.  They also include the decedent's pain and suffering prior to death.  Id.  The potential for overlapping damages is obvious.  In a foundational case involving a

---

[1]  Section 8301 provides, in relevant part:

> (a) General rule -- An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid duplicate recovery.

42 Pa.C.S.A. § 8301.  The Editors' Notes provide that Section 8301 is "substantially a reenactment of act of April 15, 1851 (P.L. 669), § 19 (12 P.S. § 1601), act of April 26, 1855 (P.L. 309), § 1 (12 P.S. § 1602) and act of May 13, 1927 (P.L. 992)(No. 480), § 1 (12 P.S. § 1604)."

Wrongful Death Act claim and a Survival Act claim which had been consolidated and tried together, this Court emphasized that while "there is nothing novel or unusual in the law giving a right or redress to two or more persons for the infliction of a single personal injury," it is imperative that the two actions not "result in a duplication of damages." *See* Pezzulli v. D'Ambrosia, 26 A.2d 659, 661 (Pa. 1942).

Indeed, in Pezzulli, we recognized that "there is an important limitation on the right" to bring a wrongful death action, "namely, that it must not work a duplication of damages" where a survival action is also brought. Id. at 662. We determined that "whenever [these] two actions are brought … they must be consolidated and tried together." Id. Accordingly, we directed the promulgation of Pennsylvania Rule of Civil Procedure 213(e)[2] which reiterates and implements the aforementioned requirement,

---

[2] Pa.R.C.P. 213 provides:

> (e) A cause of action for the wrongful death of a decedent and a cause of action for the injuries of the decedent which survives his or her death may be enforced in one action, but if independent actions are commenced they shall be consolidated for trial.
>
> (1) If independent actions are commenced or are pending in the same court, the court, on its own motion or the motion of any party, shall order the actions consolidated for trial.
>
> (2) If independent actions are commenced in different courts, the court in which the second action was commenced, on its own motion or the motion of any party, shall order the action transferred to the court in which the first action was commenced.
>
> (3) If an action is commenced to enforce one cause of action, the court, on its own motion or the motion of any party, may stay the action until an action is commenced to enforce the other cause of action and is consolidated therewith or until the commencement of such second action is barred by the applicable statute of limitation.

Pa.R.C.P. 213 (amended on October 1, 1942, just six months after our decision in Pezzulli, to add paragraph (e)).

(continued…)

pursuant to <u>Pezzulli</u> and apparent on the face of the current Wrongful Death Act, that "if independent wrongful death and survival actions are commenced, they **must** be consolidated for trial." <u>Tulewicz,</u> 606 A.2d at 431 (emphasis in original); <u>Pezzulli v. D'Ambrosia</u>, 26 A.2d at 662. As Appellees argue, "the mandatory consolidation and joint trial of wrongful death and survival actions in Pennsylvania has not only been an unshakeable procedural rule for the better part of a century," but is also a requirement of the cause of action codified at Section 8301. *See* Appellees' Brief at 33.[3] It is incorrect to label the consolidation requirement embedded in the Wrongful Death Act (as implemented in Rule 213(e)) as a procedure to promote judicial efficiency. The mandate is a substantive requirement imposed by the legislature to prevent a duplication of damages as a result of the statutorily created cause of action.

---

(…continued)
This Court's power to promulgate rules of procedure is derived from Article V, Section 10 of the Pennsylvania Constitution which provides, in relevant part, that "the Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose." Pa. Const. art. V, § 10.

[3] The Majority states that both parties "have, at this juncture, confined their arguments solely to the application of Rule 213(e)." Majority Op. at n. 11. This is incorrect. As noted, supra, Appellees explicitly posit that both Rule 213(e) and the Wrongful Death Act require consolidation and argue that the Superior Court's decision, which also discussed both the rule and the statute, does not offend the Federal Arbitration Act. *See* Appellees' Brief at 18, 33. As Appellees point out, only Appellants have confined their arguments solely to the application of Rule 213(e): "despite the Superior Court's reliance upon both procedural and statutory law, [Appellants] completely ignore the Wrongful Death Act's application to this case. *See* <u>Taylor v. Extendicare Health Facilities, Inc.</u>, 113 A.3d 317, 322 (Pa. Super. 2015). Accordingly, they have waived any argument regarding the same." <u>Id.</u> at n. 26.

As a general and indisputable proposition, in order to maintain a cause of action, a plaintiff must comply with the dictates of the statute setting forth his right to sue. *Cf.* Frazier v. Oil Chem. Co., 179 A.2d 202, 204–05 (Pa. 1962) (acknowledging that the right to sue under the Wrongful Death Act is cabined by the terms granted by the legislature, because no such right existed at common law); *accord* Rich v. Keyser, 54 Pa. 86, 90 (1867) (explaining that for a landlord "to obtain the statutory remedy [of possession], performance of the statutory conditions is necessary, and hence the three months' notice. And as it is a necessity that grows out of the statute it must be regulated by the very terms of the statute"). Yet in holding that the FAA preempts Rule 213(e) – because the Rule "was applied in this case to defeat arbitration of the survival claim" and therefore "stands as an obstacle to achieving the objectives of Congress in enacting the FAA, as interpreted by the United States Supreme Court" – the Majority makes it impossible for the wrongful death beneficiaries to comply with a core statutory condition, i.e. the consolidation requirement, and effectively deprives them of their cause of action. *See* 42 Pa.C.S.A. § 8301; Tulewicz, 606 A.2d at 431; Pezzulli, 26 A.2d at 662. This result is absurd.

I do not dispute that United States Supreme Court precedent mandates FAA preemption with respect to "state substantive or procedural policies" that disfavor arbitration. *See* Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp, 460 U.S. 1, 24 (1983). And I do not dispute that the FAA pre-empts "state laws which require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration," *see* Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478–79 (1989) (citing Southland Corp. v. Keating, 465 U.S. 1, 10 (1984)),

or which stand as an obstacle to the accomplishment of the FAA's objectives. *See* AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 343 (2011) (holding that FAA preempted California's common law unconscionability rule). But Rule 213(e) does none of these things. To the extent it is procedural at all, *see* Majority Op. at 14, 32, Rule 213(e) is procedural in name only. In substance, it is a surrogate for the Wrongful Death Act, a cause of action through which the legislature chose to vest a legal right in certain statutory relatives to bring suit, but only so long as their action is consolidated with any survival action that has also been initiated. *See* 42 Pa.C.S.A. § 8301; *see also* Pezzulli, 26 A.2d at 662.

To my knowledge, the United States Supreme Court has never concluded that the FAA is powerful enough to deprive a state court plaintiff of the substantive right to bring a statutory cause of action, nor would it. To the contrary, the Supreme Court has repeatedly recognized that a statutory cause of action is a property right protected by the Due Process Clause.[4] *See, e.g.,* Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers, 357 U.S. 197, 209 (1958) (reading a Federal Rule of Civil Procedure in light of the "property" protections of the Due Process Clause and concluding that there are "constitutional limitations upon the power of courts

---

[4] The Due Process Clause, found in the Fifth and Fourteenth Amendments of the United States Constitution, establishes that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." *See* 10 U.S. Const. amend. V; *see* id. amend. XIV, §1 ("[N]o state shall ... deprive any person of life, liberty, or property, without due process of law."). The Pennsylvania Constitution additionally provides that "[a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay." Pa. Const. art. I, § 11.

… to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause"); Martinez v. State of Cal., 444 U.S. 277, 281–82 (1980) (acknowledging the likelihood that a state's statutorily created cause of action for wrongful death is a constitutionally protected "species of 'property'"); Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982) (recognizing that "a cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause"); Tulsa Prof'l Collection Servs. v. Pope, 485 U.S. 478, 485 (1988) (noting, in reference to a cause of action for an unpaid bill, that "[l]ittle doubt remains that such an intangible interest is property protected by the Fourteenth Amendment"). Accordingly, I would hold that the FAA does not, indeed cannot, preempt Rule 213(e). The Majority's conclusion to the contrary amounts to an unconstitutional deprivation of the wrongful death beneficiaries' property rights.

In addition, it bears noting that the law is clear that when a party agrees to arbitrate a statutory claim, it "does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral ... forum." Preston v. Ferrer, 552 U.S. 346, 359 (2008). The Majority, in an overzealous effort to give the FAA its due force, instead produces this patently improper outcome, i.e., that the wrongful death beneficiaries, who did not agree to arbitrate at all, are themselves forced to forgo a substantive right, because, absent joinder with the survival action, their claim for wrongful death cannot be maintained.

Finally, in the alternative, I would conclude that even if Rule 213(e) is preempted, bifurcation of the Wrongful Death Act claims and the Survival Act claims is unwarranted. Absent Rule 213(e), the Wrongful Death Act's consolidation requirement would remain

intact on the face of Section 8301. As there is simply no support in the FAA preemption cases to conclude that the federal policy favoring arbitration agreements can supplant a statutory cause of action, consolidation of the claims in a single judicial proceeding should nonetheless be ordered.

I respectfully dissent.

Justice Todd joins this dissenting opinion.