## Palmer *v.* Philadelphia, Baltimore & Washington Railroad Company, Appellant.

*Negligence—Death—Damages—Exemplary damages.*

Examplary damages cannot be recovered for injuries resulting in death when the action is brought by surviving parents.

Argued Feb. 11, 1907. Appeal, No. 41, Jan. T., 1906, by defendant, from judgment of C. P. Chester Co., April T., 1905, No. 38, on verdict for plaintiff in case of J. Monroe Palmer and Alice M. Palmer, his wife, v. Philadelphia, Baltimore & Washington Railroad Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for death of plaintiff's son. Before BUTLER, J.

At the trial it appeared that J. William Palmer, the son of the plaintiffs, was killed on November 14, 1904, while riding as a passenger in one of defendant's trains. The death resulted from a collision between a freight train and the passenger train in which the deceased was riding.

The court charged in part as follows:

Punitive damages are allowed where the wrongdoer is guilty of gross negligence, of manifest recklessness, absence, practically, of all real care, conduct indicating a total disregard, in this case, for the safety of the company's passengers. [And we say to you'that if the evidence satisfies you that either this engineer of his own motion or under orders from a superior of this company, was guilty of conduct indicating a total disregard for the safety of the passengers of train forty-three, then this company is liable in punitive damages.] [1] Now, in that connection, you will recall the testimony of the engineer. It is for you to remember it. If I misstate it, you will correct me by your recollection of it; but in substance I think the situation was this: he arrived with his freight train, which consisted of twenty-one cars, and which he said were quite

heavily laden, and stopped with it on a descending track that would, of necessity, as the tracks there existed at the time, project by gravity that train down along the track that was soon to be occupied by train forty-three, and that he knew, and that this company knew, was about to be occupied by train forty-three; that there was this heavily laden freight pointed at the place that would be occupied in some twenty-four or twenty-six minutes later by train forty-three, and the freight, there being such a heavy grade, certain to undertake by gravity to occupy the same position that forty-three would be occupying in some twenty-six minutes, if not restrained. [Now, that being the situation eighteen minutes before train forty-three arrived—because nothing was done for some five or six minutes after the freight took the position I have referred to—eighteen minutes before train forty-three arrived in front of the station the engineer, admitting that if his engine had remained attached to the freight, the freight must have held its position and this collision could not have occurred, in the way it did, this engineer, either of his own motion, or under orders of a superior employee of this company, uncoupled his locomotive, left this train to depend on the restraint afforded by nothing but its air brakes, and went away with his locomotive to the southernmost siding track, to stay there for at least eighteen minutes, in other words, to stay there until train forty-three should arrive at the station and should pass on between the freight and the locomotive to the south.] [2]   And he tells you that that freight, left as it was, could not be depended upon to wait more than ten of the eighteen minutes that would elapse before the arrival of train forty-three; it might wait ten minutes, it might wait fifteen minutes, possibly it might wait eighteen, but it could not be depended upon to wait more than ten of the eighteen minutes that would elapse before the arrival of train forty-three, in a position, such that if the freight did start nothing apparently could avoid a collision.   [We say to you that if those facts are true, if you find that this engineer of his own motion, or under orders of a superior, left that freight in the position described, not intending to return until after forty-three should pass—which it would not do for eighteen minutes, at least—and at the time it was apparent that that freight could not be at all depended upon to main-

tain its position until after forty-three should have passed, but on the other hand, was manifestly likely to endanger forty-three, just as the sequel showed it did, then you would, in the judgment of the court, be clearly warranted in imposing punitive damages upon this defendant, because, if those circumstances are true, then the engineer, of his own motion, or under orders, was guilty, it seems to the court—though that is a matter for you—of conduct indicating a total disregard for the safety of passengers on train forty-three.] [3]

We submit this question entirely to you.  Unless you are satisfied by a fair preponderance of the evidence or by the evidence that there was on the part of this engineer, of his own motion or under orders, conduct indicating a total disregard for the safety of the passengers of train forty-three—unless you are satisfied of that clearly and reasonably you will not find punitive damages for the plaintiffs.  [But if you are satisfied that the engineer of this freight train, either of his own motion or under orders, was guilty of conduct indicating a total disregard for the safety of passengers of train forty-three, then you would be warranted, and, in the opinion of the court, you ought to impose punitive damages on this defendant, because, in that case, you would have found that he willfully, with recklessness, left a heavy train ready to charge down on a passenger train, and likely to do so, and all of that without any necessity or excuse whatever—if you find the facts I have suggested to you.] [4]

Verdict and judgment for plaintiffs in the sum of $5,000 punitive damages, and in the sum of $1,540 compensatory damages.  Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*John J. Pinkerton*, with him *J. Frank E. Hause*, for appellant.—The right to recover damages for any injury causing death was given to the parents of the deceased by the Act of April 26, 1855, P. L. 309.

Under that act, nothing can be recovered, beyond the pecuniary loss suffered by the parents, without any solatium for pain to the deceased, or anguish to the survivor, or for exemplary damages: Pennsylvania R. R. Co. v. Kelly, 31 Pa. 372;

Pennsylvania R. R. Co. v. Zebe, 33 Pa. 318; Pennsylvania
R. R. Co. v. Henderson, 51 Pa. 315; Caldwell v. Brown, 53
Pa. 453; Pennsylvania Railroad Co. v. Vandever, 36 Pa. 298;
Pennsylvania Co. v. James, 81 *Pa. 194; Esher v. Mineral
Railroad & Mining Co., 28 Pa. Superior Ct. 393; Hoon v. Trac-
tion Co., 204 Pa. 269.

The Act of April 4, 1868, P. L. 58, provides that in such
an action as the present, "only such compensation for loss and
damage shall be recovered as the evidence shall clearly prove
to have been pecuniarly suffered or sustained," and, in con-
struing it, this court has distinctly said, on more than two oc-
casions, that in actions resulting in death, exemplary damages
cannot be recovered: Pennsylvania R. R. Co. v. Keller, 67 Pa.
300; Cleveland & Pittsburg R. R. Co. v. Rowan, 66 Pa. 393;
Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185.

There is not a syllable of testimony, in this case, going to
establish the fact that the engineer of the defendant's freight
train was guilty of wantonness or willful misconduct, or that
the injury complained of was inflicted maliciously.  Nor does
the testimony show that he was guilty of recklessness of a
criminal nature, or of an intentional indifference to the rights
of others: Milwaukee & St. Paul Ry. Co. v. Arms, 91 U. S.
489; Philadelphia, etc., R. R. Co. v. Quigley, 62 U. S. 202;
Cleghorn v. N. Y. Cent., etc., R. R. Co., 56 N. Y. 44; Pennsyl-
vania R. R. Co. v. Books, 57 Pa. 339; Phila. Traction Co. v.
Orbann, 119 Pa. 37; Keil v. Chartiers Valley Gas Co., 131 Pa.
466; McNeil & Bro. Co. v. Crucible Steel Co., 207 Pa. 493.

*A. M. Holding*, with him *John J. Gheen*, for appellees.—
The liability of railway and other corporations to exemplary
damages for gross negligence is well settled: Railway Co. v.
Rosenzweig, 113 Pa. 519; Phila. Traction Co. v. Orbann, 119
Pa. 37; Railway Co. v. Lyon, 123 Pa. 140; Artherholt v.
Motor Co., 27 Pa. Superior Ct. 141; Railroad Co. v. Bowers,
124 Pa. 183.

Exemplary damages may be recovered in Pennsylvania for
injuries resulting in death: Pennsylvania R. R. Co. v. Hender-
son, 51 Pa. 315; Pittsburg, etc., Ry. Co. v. Lyon, 123 Pa. 140;
Birch v. Ry. Co., 165 Pa. 339; Penna. R. R. Co. v. Zebe, 33
Pa. 318; R. R. Co. v. Ogier, 35 Pa. 60; R. R. Co. v. Rowan,

66 Pa. 393; R. R. Co. v. Keller, 67 Pa. 300; Penna. R. R. Co. v. Bowers, 124 Pa. 183; Ry. Co. v. Rosenzweig, 113 Pa. 519; Phila. Traction Co. v. Orbann, 119 Pa. 37; Artherholt v. Motor Co., 27 Pa. Superior Ct. 141.

OPINION BY MR. JUSTICE ELKIN, May 6, 1907:

Two questions are raised by this appeal. First, was there sufficient evidence to submit to the jury to find that the act complained of had been committed under circumstances of violence, oppression, outrage or wanton recklessness, upon which to warrant a verdict for exemplary damages; and, second, whether exemplary damages can be recovered in this or any other case for injuries resulting in death when the action is brought by surviving parents? We will discuss the last question first.

While the general rule in negligence cases is that only compensatory damages can be allowed, yet it has been frequently held that juries may go further and allow exemplary damages where the injuries complained of were the result of such a reckless indifference to the rights of others as to be equivalent to a violation of them. In such cases the evidence must show such willful misconduct or entire want of care as to raise a presumption of conscious indifference to consequences: Railway Company v. Rosenzweig, 113 Pa. 519; Philadelphia Traction Company v. Orbann, 119 Pa. 37. It has also been held that where the negligence has been committed willfully, maliciously or so negligently as to indicate a wanton disregard of the rights of others, the jury are not restricted to compensatory damages only: Railway Company v. Lyon, 123 Pa. 140; Artherholt v. Motor Company, 27 Pa. Superior Ct. 141. It must be observed, however, that in all of the cases in which the right to recover exemplary damages has been sustained the action was for damages resulting from personal injuries, and the suit was instituted by the person receiving the injuries, or, in case of a minor, by the parent. The rule in such cases in our state is predicated on the theory that when injuries are inflicted willfully, maliciously, wantonly, oppressively or recklessly, the party inflicting such injuries is liable for exemplary damages to the party receiving them in the nature of a punishment for the willful and malicious acts.

It is perfectly clear that prior to the act of 1855 parents had no right of action in a case like the one at bar. There is no common-law right of action in such a case, and the right to recover here depends solely on that act. There is nothing in the provisions of that act which expressly gives the right to recover exemplary damages, and, although in force for more than half a century, there is no reported case in which exemplary damages have been allowed parents for injuries resulting in the death of a child. It may be, as argued by the learned counsel for appellees, that the exact question has not been raised and decided in our cases, but, it must be conceded, that the whole trend of judicial interpretation bearing on this question has been to indicate that only damages of a compensatory character can be recovered in cases where the injuries resulted in death and the suit was instituted by surviving parents or other parties having the right to institute the action under the act of 1855.

One of the earliest cases in which this question was discussed is Railroad Company v. Kelly, 31 Pa. 372. This case did not turn on the question of exemplary damages, but was reversed because in affirming the seventh point the trial judge instructed the jury that there is no definite measure or standard of damages. Then, again, in that case the action was by the father to recover damages for the maiming of his minor son, whose injuries did not result in death. In that case, however, it was held that the father was only entitled to compensation for the pecuniary loss he sustained.

The next case decided was Railroad Company v. Zebe, 33 Pa. 318, wherein it was held that under the act of 1855 the damages to be recovered by surviving relatives for an injury resulting in death are confined to such as are capable of pecuniary estimate. Nothing is to be allowed for the mental suffering of the survivors or the corporal sufferings of the injured party. In that case, Mr. Justice THOMPSON, who delivered the opinion of the court, in discussing the proper measure of damages allowable to parents for injuries resulting in the death of a child, said : " This is the only pecuniary damage done to them, and this the law allows them to recover if entitled on the facts to recover at all. This excludes damages for the suffering to the deceased, which was personal to himself, and

did not survive, as well as for solace, which are incapable of appreciation so as to be compensated."

In Railroad Company v. Vendever, 36 Pa. 298, a widow brought an action against a railroad company for injuries resulting in the death of her husband, and it was held that the measure of damages in Pennsylvania was confined to pecuniary loss, and did not include solatium for wounded feelings or vindictive damages.

In Railroad Company v. Henderson, 51 Pa. 315, it was decided that the right of action which a wife has for the death of her husband caused by negligence is different from that which would have accrued to him had he survived the injury, and excludes all questions of exemplary damages, the damages being simply compensatory for the loss sustained by the surviving family.

Clearly, therefore, the damages to be recovered by surviving parents, as in the present case, must be measured by this rule, because both rights accrue under the same act. Our attention has not been called to any case in which the doctrine therein laid down has been overruled, and if that case is to be regarded as authority it would seem to be conclusive of the question raised by this appeal.

Caldwell v. Brown, 53 Pa. 453, held that in an action by parents for the death of a minor child they can recover only the pecuniary value of his services during minority, and cannot be allowed damages for the agonized feelings of parents nor the loss of the society of the child.

It will be observed that in all of these cases the rule of compensatory damages was adhered to when the action was brought under the Act of April 26, 1855, P. L. 300, for injuries resulting in death.   These decisions were rendered prior to the passage of the Act of April 4, 1868, P. L. 58, which limited the amount to be recovered by providing that, " only such compensation for loss and damages shall be recovered as the evidence shall clearly prove to have been pecuniarily suffered or sustained, not exceeding in the case of personal injuries the sum of three thousand dollars, nor in the case of loss of life the sum of five thousand dollars."

In Railroad Company v. Rowan, 66 Pa. 393, decided in 1870, it was again held that exemplary damages could not be recov-

ered in an action by a parent for the death of a child. In the discussion of the principle involved, the learned chief justice who wrote the opinion in that case pointed out that prior to the act of 1868 the weight of authority, as shown by the reasoning of all the cases, adhered to this rule, although the dicta in some instances might indicate a different view. It is perfectly clear the court, even at that time, considered the rule settled that exemplary damages could not be recovered for injuries resulting in death, and that it had been recognized and followed before the act of 1868.

In Railroad Company v. Keller, 67 Pa. 300 (1871), it was said that the act of 1868 was declaratory of the rule previously established, that is to say, only compensatory damages can be recovered by the parties authorized to institute suit under the act of 1855, for injuries resulting in death.

In Mansfield Coal and Coke Company v. McEnery, 91 Pa. 185 (1879), the same rule was again asserted. Mr. Justice PAXSON, in discussing the question, said : " It was early held that in such an action exemplary damages could not be recovered, but that they must be compensatory only."

It is contended for appellees that the act of 1868 is unconstitutional, and Penna. Railroad Company v. Bowers, 124 Pa. 183, is cited in support of this contention. It is true this court held in that case that section two of the act of 1868, limiting the liability of railroad companies and common carriers for personal injuries, was avoided by section 21, article III of the constitution of 1874. A careful examination of that case shows that the portion of the act of 1868 which was obnoxious to the constitutional mandate was that which limited the amount to be recovered for personal injuries to $3,000, and for death $5,000. The language of the act of 1868, restricting damages to such loss as may have been pecuniarily suffered, was not commented upon nor considered in the decision of that case, nor do we consider the determination of that question vital in the disposition of the present case. For even if it should be finally determined, which it has not been, that the act of 1868 was avoided in all of its parts by the constitution of 1874, there would be no reason for disturbing the rule which prior to that time had been so well established, and it would remain in force just as it was before the act became a

law.  It is true that some of our cases decided after the passage of the act of 1868 referred to the statutory rule therein contained as a denial of the right to recover exemplary damages, but in no case was this question expressly raised and decided.  Even in the cases referred to, the opinions clearly indicate that the rule established by the courts prior to the act of 1868 was that exemplary damages could not be recovered for injuries resulting in death.  It must be conceded that there is confusion in the cases on the question of exemplary damages.  This results from the dicta in some of the cases rather than from the questions actually decided.  In not a single case, however, has it ever been decided that exemplary damages could be recovered by the surviving parties for injuries resulting in death.  We believe this to be the correct rule, supported by reason and authority, and so hold in this case.

This view of the law disposes of the present case, and makes it unnecessary to discuss at length the other question raised by this appeal.  However, after a careful examination of the testimony produced at the trial it does not appear that the injuries to the minor son, resulting in death, were occasioned by any such violent, or oppressive, or wanton, or reckless act on the part of the employees of the appellant company as to make it liable for exemplary damages, even if, under the law, appellees were entitled to recover such damages.

The jury under the instructions of the learned trial judge, having returned a verdict fixing the exact amount of compensatory damages found, and also the amount of punitive damages allowed, judgment having been entered for the whole amount, and this appeal only raising the question of the right to recover punitive damages, the assignments of error relating thereto are sustained, and the record is remitted to the court below with instructions to enter final judgment in accordance with this opinion.

Judgment reversed.