Gerald F. SKELL, Personal Representative of the Estate of Elizabeth Carol Skell, Deceased, on Behalf of the Estate of Elizabeth Carol Skell, Deceased, and Gerald F. SKELL, personal representative of the Estate of Elizabeth Carol Skell, Deceased, on Behalf of the next of kin of Elizabeth Carol Skell, Deceased, Plaintiff,

v.

CROWN AMERICAN CORPORATION and Crown American Corporation d/b/a Holiday Inn of Indiana, and Holiday Inns, Inc., Defendants.

Gerald F. SKELL and Kathie Skell, his wife, Third-Party Defendants,

v.

SWIMQUIP, INC., Sta-Rite Industries, Inc. and the Marley-Wylain Company, Inc., a/k/a the Marley Company, Additional Third-Party Defendants.

Civ. A. No. 85–1370.

United States District Court,
W.D. Pennsylvania.

Sept. 28, 1987.

Seymour A. Sikov, Sikov and Love, P.A., Pittsburgh, Pa., for plaintiff.

Eugene F. Scanlon, Jr., Dickie, McCamey & Chilcote, P.C., Pittsburgh, Pa., for third-party defendants.

Richard DiSalle, Edward C. Schmidt, Susan Hileman Malone, Rose, Schmidt, Chapman, Duff and Hasley, Pittsburgh, Pa., for additional third-party defendants.

David H. Trushel, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

COHILL, Chief Judge.

Presently before us is a Motion to Amend Complaint, filed by plaintiffs in the above-captioned case. Specifically, plaintiffs request this Court to permit the filing of an amended complaint setting forth a claim for punitive damages against the defendants Crown American Corporation and Crown American Corporation d/b/a Holiday Inn of Indiana and Holiday Inns, Inc. (the "Crown American defendants"). Plaintiffs' original complaint generally avers that the drowning death of Elizabeth Carol Skell at the Holiday Inn of Indiana, Pennsylvania was caused by the negligence of the Crown American defendants; in particular, negligent supervision, operation and maintenance of the swimming pool at the Holiday Inn in question. We will grant the motion.

■ The Crown American defendants have filed a response in opposition to plaintiffs' motion. They argue that the facts which plaintiffs allege in support of the claim for punitive damages were known to the plaintiffs at the time the original complaint was filed, the plaintiffs should, therefore, have made the claim for punitive damages in the original complaint and accordingly should not be allowed to do so at a later date. We disagree. Plaintiffs aver in support of the motion to amend that documents produced during discovery have revealed that the alleged negligent conditions in connection with the defendants' maintenance and operation of the pool were in existence for a number of months prior to the accident involving Elizabeth Skell, but that no efforts were taken to correct or safeguard against the defects. Plaintiffs also aver that discovery has indicated that the swimming pool had been cited as and was being operated in violation of regulations promulgated by the Pennsylvania Department of Environmental Resources. The respondents do not contest that these facts were not known to the plaintiffs prior to discovery, nor do they claim prejudice as the result of their possible introduction. Consequently, we believe that the plaintiffs were justified in waiting until this time to state a claim for punitive damages. Whether these averments are valid will be established at trial, but at present we find the alleged facts sufficient to support a claim for punitive damages.

■ The Crown American defendants also argue that punitive damages cannot be awarded on a wrongful death claim, and, to the extent they are permissible in a survival action, would be improper and inconsistent in this case due to the possibility that the decedent's parents, who would benefit in the survival action, could be found negligent as well. While we agree that plaintiffs' wrongful death action will not support a claim for punitive damages, *Harvey v. Hassinger*, 315 Pa.Super. 97, 461 A.2d 814 (1983), we do not find that the possible negligence of the decedent's parents forecloses a claim for punitive damages in plaintiffs' survival action. In a survival action, a decedent's estate may recover punitive damages if the decedent could have recovered them had he or she lived. *Harvey v. Hassinger, supra.* In this case, had decedent lived, but suffered some personal injury, we find no reason that would have prevented decedent from seeking punitive damages from the Crown American defendants even though the negligence of decedent's parents may have also contributed to the accident.

■ In a related argument, defendants contend that comparative negligence

principles would come into play in the survival action because of the possible negligence of decedent's parents, thereby making it inconsistent to permit a jury to determine whether punitive damages should be awarded. Defendants misstate the law. First, since the decedent's estate, not her parents, is the plaintiff in a survival action, comparative negligence principles would apply only where the decedent was allegedly negligent. The possible negligence of the parents does not invoke comparative negligence theory. *Cf. Fisher v. Dye*, 386 Pa. 141, 125 A.2d 472 (1956) (damages in a survival action are viewed and measured in terms of loss suffered by the decedent; husband, administrator of the estate of his decedent wife, could recover under survival statute for death of wife even though his negligence may have contributed to wife's death—principles of contributory negligence do not apply). Moreover, even if comparative negligence could somehow apply in the instant survival action, the alleged reckless and wanton conduct giving rise to the claim for punitive damages is different in kind from negligence and, if found to exist, would override the application of comparative negligence principles, not vice versa. *See Krivijanski v. Union R. Co.*, 357 Pa.Super. 196, 515 A.2d 933 (1986). (When willful or wanton misconduct is involved, comparative negligence should not be applied.)

AND NOW, to-wit, this 22nd day of September, 1987, for the reasons set forth above, IT IS HEREBY ORDERED, ADJUDGED and DECREED that plaintiffs' Motion to Amend Complaint be and hereby is GRANTED insofar as the proposed claim for punitive damages is based only in the survival action brought in plaintiffs' original complaint.