**Rachmil and Itka ZYGMUNTOWICZ, Co–Administrators of the Estate of Michael Zygmuntowicz, Deceased**

v.

**HOSPITALITY INVESTMENTS, INC., individually and trading as Polo Bay and Touche and Hospitality Investments of Margate, Inc. trading as Polo Bay and L.B.O.W. Corporation.**

**Civ. A. No. 92–1613.**

United States District Court, E.D. Pennsylvania.

Aug. 19, 1993.

Aaron D. Blumberg, Robin Locke Nagele, Litvin, Blumberg, Matusow & Young, Philadelphia, PA, for plaintiffs.

Jerome Gamburg, Philadelphia, PA, for Hospitality Investments.

Norman E. Greenspan, Blank, Rome, Comisky & McCauley, Philadelphia, PA, for L.B.O.W. Corp.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Michael Zygmuntowicz, a Pennsylvania resident, died in an automobile accident that occurred in Pennsylvania allegedly as a result of the negligent service of alcohol at the New Jersey based night club, Polo Bay. Plaintiffs, Michael's parents, brought this wrongful death and survival action alleging violations of Pennsylvania's dram shop law, 47 Pa.C.S. § 4–493.

Now before the court is Plaintiffs' motion for leave to amend their complaint to include a claim for punitive damages. In their original complaint, Plaintiffs alleged that Defendants acted in violation of New Jersey administrative statute, N.J.A.C. 13:2–23.16, which prohibits establishments from promoting the unlimited service of alcohol for the price of a single admission. As a result of their investigation, Plaintiffs now allege that Defendants knowingly and intentionally violated the New Jersey statute and that such behavior constituted reckless, willful and wanton misconduct.

As a threshold issue, Defendants erroneously conclude that Pennsylvania law does not provide appropriate grounds upon which Plaintiffs may claim punitive damages. They assert that since Pennsylvania has no statute that corresponds to N.J.A.C. 2–23.16, they have violated no laws for the purpose of a punitive damage claim.

■ Under Pennsylvania law, however, it is not necessary for Defendants to have violated statute in order for Plaintiffs to claim punitive damages. Pennsylvania allows for punitive damages in a wrongful death action where a party can show that the opposition knew that his action may significantly endanger others and then deliberately proceeded in disregard of that risk. *Burke v. Maassen,* 904 F.2d 178, 183 (3d Cir.1990) *citing Martin v. Johns–Manville Corp.,* 508 Pa. 154, 494 A.2d 1088, 1096 (1985). Thus, the knowing and intentional violation of an administrative law merely serves to indicate Defendants' reckless, willful and wanton misconduct and is not necessary in and of itself for a punitive damage claim.

■ Now turning to Plaintiffs' motion, Rule 15(a), Fed.R.Civ.P., dictates that leave to amend shall be freely given when justice so requires. Grant or denial of the motion is ultimately within the district court's sound discretion. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

A motion to amend must be denied if there is undue delay, bad faith or dilatory motive on the movant's part. *Id.* Mere delay is insufficient absent a concomitant showing of undue prejudice or bad faith to deny a motion to amend. *Litton Industries v. Lehman Bros. Kuhn Loeb Inc.,* 734 F.Supp. 1071, 1078 (S.D.N.Y.1990). This circuit has defined prejudice under Rule 15 to mean undue difficulty in prosecuting a position as a result of a change in tactics or theories. *Merican, Inc. v. Caterpillar Tractor Co.,* 596 F.Supp. 697, 705 (E.D.Pa.1984); *see also Roche v. E.F. Hutton & Co., Inc.,* 658 F.Supp. 315, 321 (M.D.Pa.1986) (defendants have a heavy burden of showing that they would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which they would have offered had the amendments been timely).

This case does not rise to the level of undue prejudice that would require this court to deny Plaintiffs' motion for leave to amend. First, Plaintiffs' delay in filing does not appear to be the result of a lack of due diligence. Although they alleged in their original complaint violations of N.J.A.C. 2–23.16, Plaintiffs additionally determined through the discovery process that Defendants acted in reckless disregard. Second, Defendants will not be unduly burdened financially or prejudiced by defending against a punitive damage claim. The claim revolves around the same set of facts as in the original complaint and should not, therefore, significantly expand the scope of Defendants' preparation. Lastly, it appears that Plaintiffs have already conducted at least a significant portion of the investigation required to determine Defendants' willfulness. Thus, additional discovery, if necessary, will not be exorbitant nor unduly delay the trial.

For the reasons outlined above, we do not find that the motion to amend will unduly prejudice Defendants nor will it greatly delay the trial. Therefore, in the interest of justice, Plaintiffs' motion for leave to amend must be granted.

## ORDER

AND NOW, this 19th day of August, 1993, upon consideration of Plaintiffs' Motion for Leave to Amend the Complaint and Defendant's response thereto, it is hereby ORDERED that Plaintiffs' Motion is GRANTED.